HALSEY DIAKOW (DC Bar # 90027466)
Trial Attorney, Tax Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-2251
Fax: (202) 307-0054
Halsey.Diakow@usdoj.gov
Western.TaxCivil@usdoj.gov

*Counsel for the Plaintiff, United States of America*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-cv-00042-JCM-DJA |
| Plaintiff, | **UNOPPOSED MOTION FOR APPOINTMENT OF RECEIVER AND ENTRY OF ORDER OF SALE** |
| v. | |
| JIMMIE R. COX and SANDRA COX; and CLARK COUNTY, NEVADA, | |
| Defendants. | |

Plaintiff the United States of America hereby moves for entry of an order: 1) authorizing the sale of the Subject Property; and 2) appointing Timothy Kimball as a receiver to take custody and arrange for the sale of the Subject Property described herein. In support of this motion, the United States provides as follows:

**BACKGROUND**

1.      The parcel of real property upon which foreclosure is sought (the "Subject Property") is located in Clark County, Nevada, with a street address of 5537 Port Barrington Way, Las Vegas, NV 89130. The property consists of three parcels of real property, together forming Parcel No. 125-36-311-072, and is jointly owned by Jimmie R. Cox and Sandra Cox. The Subject Property is more particularly described by deed dated March 28, 2014, recorded on

April 2, 2014, with instrument number 20140402-0001362, in the County of Clark, Nevada, as follows:

**Parcel One (1)**

Lot Forty-Three (43) in Block Three (3) of LOS PRADOS PHASE 1, UNIT 2, as shown by map thereof on file in Book 45 of Plats, Page 11, in the Office of the County Recorder of Clark County, Nevada.

**Parcel Two (2)**

A non-exclusive easement and right for ingress, egress, use and enjoyment of the Common Area as shown on the map of LOS PRADOS PHASE 1, UNIT 1, and as set forth in that certain Declaration of Restrictions recorded May 29, 1986 in Book 860529 of Official Records as Document No. 00737 and in that certain Declaration of Restrictions recorded December 1, 1986 in Book 861201 of Official Records as Document No. 00726.

**Parcel Three (3)**

A non-exclusive easement for the benefit of and appurtenant to the above described lots for ingress, egress and utility purposes over all streets and roadways as shown as shown [sic] by the map thereof on file in Book 34 of Plats, Page 1, in the Office of the County Recorder of Clark County, Nevada, which have not been dedicated to and accepted for public uses and ownership by the City of Las Vegas, Clark County, Nevada.

2.      On June 5, 2020, Plaintiff, the United States, and Defendants, Jimmie R. Cox and Sandra Cox, submitted a Joint Motion to Enter Judgment Subject to Agreement to Defer Sale of the Subject Property. Dkt. 12.

3.      On July 17, 2020, this Court entered judgment in favor of the United States and against Defendants Jimmie R. Cox and Sandra Cox, and ordered as follows (Dkt. 13):

a.  The United States is entitled to judgment against Jimmie R. Cox and Sandra Cox, unpaid federal income taxes for jointly and severally, for unpaid federal income tax liabilities as follows, plus such statutory interest and other additions as may accrue by law, minus any payments and credits according to proof:

Motion for Appointment of Receiver      2
and Order of Sale

| Tax Type | Tax Period | Assessment Date | Assessment Amounts[1] | | Outstanding Balance[2] as of 12/31/2019 |
|---|---|---|---|---|---|
| Form 1040 | 1999 | 12/21/2009 | $4,351.00 | ftp | $150,888.32 |
| | | 12/21/2009 | $1,817.00 | etp | |
| | | 12/21/2009 | $21,941.00 | msc | |
| | | 12/21/2009 | $37,830.00 | ata | |
| | | 12/21/2009 | $48,480.69 | i | |
| | | 10/07/2013 | $15,395.88 | i | |
| | | 10/06/2014 | $3,815.37 | i | |
| | | 10/08/2018 | $20,987.50 | i | |
| Form 1040 | 2002 | 12/21/2009 | $94,506.00 | ftp | $1,215,919.53 |
| | | 12/21/2009 | $219,253.00 | msc | |
| | | 12/21/2009 | $595,087.00 | ata | |
| | | 12/21/2009 | $393,849.72 | i | |
| | | 09/20/2010 | $11,826.00 | etp | |
| | | 10/07/2013 | $84,279.95 | i | |
| | | 10/06/2014 | $28,801.65 | i | |
| | | 10/08/2018 | $158,798.07 | i | |
| Form 1040 | 2004 | 12/21/2009 | $8,223.00 | ftp | $115,862.18 |
| | | 12/21/2009 | $19,077.00 | msc | |
| | | 12/21/2009 | $32,892.00 | ata | |
| | | 12/21/2009 | $18,295.28 | i | |
| | | 09/20/2010 | $943.00 | etp | |
| | | 10/07/2013 | $10,915.72 | i | |
| | | 10/06/2014 | $2,743.68 | i | |
| | | 10/08/2018 | $15,130.18 | i | |
| **Total, calculated through December 31, 2019:** | | | | | $1,482,670.03 |

b.  Pursuant to 26 U.S.C. § 6321, federal tax liens have arisen in connection with the liabilities detailed above. These tax liens have attached to all property and rights to property of Jimmie R. Cox and/or Sandra Cox, including but not

---

[1] Key:   **ata** – Additional Tax Assessed; **etp** – Estimated Tax Penalty; **ftp** – Failure to Pay Tax Penalty; **i** – Interest; **msc** – Miscellaneous Penalty

[2] Including accrued but unassessed interest and credit for payments received through December 31, 2019.

Motion for Appointment of Receiver        3
and Order of Sale

limited to the Subject Property. The United States is thus entitled to foreclose its liens and enforce this judgment against the Subject Property. Dkt. 13.

4.      26 U.S.C. § 7403 entitles the United States to enforce its liens against the Subject Property in order to apply the proceeds towards the tax liabilities of Jimmie R. Cox and Sandra Cox.

5.      Defendant Clark County consents to the foreclosure of the federal tax liens on the Subject Property, provided that after payment of sale costs, the remaining proceeds are distributed in accordance with the stipulated lien priority between the United States and Clark County, approved by the Court in February 2020 (Dkt. 8).

6.      The United States had agreed with the Coxes to defer selling the Subject Property so long as one or both of the Coxes was residing at the property.

7.      Jimmie R. Cox and Sandra Cox are now deceased. *See* Dkt. 19 Exhibit 1.

8.      Defendant Laura Proctor was substituted for Jimmie R. Cox and Sandra Cox, as personal representative of the estates of Jimmie R. Cox and Sandra Cox.

9.      Ms. Proctor consents to the foreclosure of the federal tax liens on the Subject Property, provided that after payment of sale costs, Ms. Proctor receives payment for the reasonable costs of maintaining the property, as agreed between the United States and Ms. Proctor. Dkt. 19.

## DISCUSSION

### I.      Order of Sale

Pursuant to 26 U.S.C. § 7403(a), this Court has jurisdiction to enforce a federal tax lien to facilitate the payment of a taxpayer's outstanding tax liability where, as here, the United States brings the suit at the request of the Secretary of the Treasury to enforce a tax lien. 26 U.S.C. § 7403(a). Furthermore, 26 U.S.C. § 7403(c) grants this Court the authority to determine with finality all claims to or liens on the Subject Property, to decree a sale of the Subject Property, and to determine the distribution of the proceeds of such sale. 26 U.S.C. § 7403(c).

Motion for Appointment of Receiver      4
and Order of Sale

Here, federal tax liens arose upon assessment of Jimmie R. Cox and Sandra Cox's liabilities and attached to all their property and rights to property, including the Subject Property. *See* 26 U.S.C. §§ 6321, 6322. The IRS recorded notices of federal tax liens regarding the tax assessments described in paragraph 3 with the Clark County Recorder, as follows, in accordance with 26 U.S.C. § 6323(f):

| Type of Tax | Tax Period | Recording Date(s) | Instrument Number |
|---|---|---|---|
| 1040<br>1040<br>1040 | 1999<br>2002<br>2004 | 5/29/2015 | 20150529-0003917 |

In its July 2020 judgment, the Court found that the tax liens have attached to the Subject Property. Dkt. 13.

Pursuant to 26 U.S.C. § 7403, the Court has already ordered that the United States is entitled to foreclose its liens and enforce the judgment against the Subject Property. Dkt. 13 at 2. Thus, the United States now requests that this Court enter an order of sale of the Subject Property to effectuate the Court's judgment. Good cause exists to grant this motion because the sale of the Subject Property will allow the United States to collect a substantial portion of the outstanding tax liabilities.

## II.    Appointment of a Receiver

The United States has valid federal tax liens attached to the Subject Property on which it has a right to foreclose. *See* 26 U.S.C. §§ 6321, 6323, 7403; Dkt. 13. Section 7402(a) of the Internal Revenue Code provides that a district court has the power to issue "orders appointing receivers, and such other orders and processes . . . as may be necessary or appropriate for the enforcement of internal revenue laws." Section 7403(d) provides that in any lien enforcement proceeding, a district court may appoint a receiver to enforce the lien at the request of the United States. Accordingly, the Court may appoint a receiver here.

The United States recommends Timothy Kimball as the court-appointed receiver to sell the Subject Property, on the terms set forth in the proposed order. Timothy Kimball is a real estate

broker with twenty-three years of experience in selling residential real estate in the Las Vegas area. His license number is S.57126. Mr. Kimball has previously served as a court-appointed receiver for two cases: *United States v. Shield Protection Services, Inc., et al.*, No. 2:23-cv-00128-JCM-NJK (D. Nev.) at Dkt. 21 (November 22, 2023) and *United States v. Jeffrey A. Martinez, et al.*, No. 2:19-cv-1986-GMN-DJA) at Dkt. 78 (December 30, 2022). Additional information on Timothy Kimball may be found at: https://sphererealestate.com/agents/Timothy-Kimball/8792979. He is an agent at Sphere Real Estate, located at 7885 Sunset Rd Ste 130, Las Vegas, Nevada, 89113. Mr. Kimball proposes a total commission of up to 6%, consisting of 3% to be allocated to himself as the listing broker and up to 3% to the buyer's broker. The commission for the buyer's broker will be subject to negotiation.

Section 7402(a) confers "a broad range of powers [upon distrct courts] to compel compliance with the tax laws, even in instances when such interference does not violate any particular tax statute." A second provision, 26 U.S.C. § 7403, specifically provides for the United States to bring suit to foreclose upon and sell property subject to federal tax liens, and for the appointment of receivers to assist in enforcing the liens. *See* 26 U.S.C. § 7403(a) and (d). The appointment of a receiver is appropriate here due to the procedural posture and practicalities of this case. First, this Court has entered judgment in favor of the United States, finding the United States holds valid federal tax liens that have attached to the Subject Property. Second, the appointment of a receiver will streamline the sale process for all parties and help generate a sale price that would benefit all parties, i.e., by obtaining a sale price closest to fair market value.

The United States seeks to appoint Timothy Kimball as the receiver based on his expertise and knowledge of the greater Las Vegas area real estate market and familiarity with the Subject Property.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court enter the attached proposed order appointing Timothy Kimball as a receiver to take control of and sell the

Motion for Appointment of Receiver        6
and Order of Sale

Subject Property and to enforce the tax liens at issue in this case according to the terms set forth in the attached proposed order.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General, Tax Litigation Branch

*/s/ Halsey Diakow*
HALSEY DIAKOW (DC Bar No. 90027466)
Trial Attorney, Tax Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
Telephone: (202) 307-2251
Fax: (202) 307-0054
Email: Halsey.Diakow@usdoj.gov

*Counsel for the United States of America*

Motion for Appointment of Receiver      7
and Order of Sale

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to all parties who have appeared in this matter and are eligible to receive CM/ECF notices.

I additionally certify that I caused to be mailed a copy of the foregoing document to the following:

Jimmie R. Cox
5537 Port Barrington Way
Las Vegas, NV 89130

Sandra Cox
5537 Port Barrington Way
Las Vegas, NV 89130

Laura Proctor
4920 Dancing Lights Ave.
Las Vegas, NV 89130

Clark County, Nevada
c/o Lisa Logsdon
County Counsel
500 Grand Central Parkway, Suite 5075
Las Vegas, Nevada 89155

*/s/ Halsey Diakow*
HALSEY DIAKOW
Trial Attorney, Civil Division
U.S. Department of Justice

Motion for Appointment of Receiver      8
and Order of Sale

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

JIMMIE R. COX and SANDRA COX; and
CLARK COUNTY, NEVADA,

      Defendants.

Case No. 2:20-cv-00042-JCM-DJA

**ORDER GRANTING
UNITED STATES' MOTION FOR
APPOINTMENT OF RECEIVER
AND ORDER OF SALE**

The United States has moved for an Order of Sale and Appointment of Receiver to enforce tax liens against the Subject Property, detailed below. Having satisfied the conditions for foreclosing its tax liens pursuant to 26 U.S.C. § 7403, the Court enters this Order of Sale. The United States also requested that a receiver be appointed to sell the Subject Property, and has nominated Timothy Kimball, of Sphere Real Estate, to take custody and arrange for the sale of the Subject Property. For good cause shown, it is hereby:

**ORDERED** that the United States' Motion for a Decree of Foreclosure, Appointment of Receiver and Order of Sale is **GRANTED**. Accordingly, it is further **ORDERED** as follows:

1.      The real property described below shall be sold under the Judgment of this Court, pursuant to 26 U.S.C. §§ 7402 and 7403, the Court's July 2020 Judgment (Dkt. 13), and according to the terms set out below.

[Proposed] Order to Appoint Receiver
and for Order of Sale
      1

2.      Timothy Kimball, of Sphere Real Estate, is **APPOINTED**, pursuant to 26 U.S.C. § 7402(a) and § 7403(d), to act as the receiver and sell the property according to the terms set out below.

### Identification of Property Subject to Receivership and Sale

1.      The real property at issue ("Subject Property") is located in Clark County, Nevada, with a street address of 5537 Port Barrington Way, Las Vegas, NV 89130. The property consists of three parcels of real property, together forming Parcel No. 125-36-311-072, and is jointly owned by Jimmie R. Cox and Sandra Cox. The Subject Property is more particularly described by deed dated March 28, 2014, recorded on April 2, 2014, with instrument number 20140402-0001362, in the County of Clark, Nevada, as follows:

**Parcel One (1)**

Lot Forty-Three (43) in Block Three (3) of LOS PRADOS PHASE 1, UNIT 2, as shown by map thereof on file in Book 45 of Plats, Page 11, in the Office of the County Recorder of Clark County, Nevada.

**Parcel Two (2)**

A non-exclusive easement and right for ingress, egress, use and enjoyment of the Common Area as shown on the map of LOS PRADOS PHASE 1, UNIT 1, and as set forth in that certain Declaration of Restrictions recorded May 29, 1986 in Book 860529 of Official Records as Document No. 00737 and in that certain Declaration of Restrictions recorded December 1, 1986 in Book 861201 of Official Records as Document No. 00726.

**Parcel Three (3)**

A non-exclusive easement for the benefit of and appurtenant to the above described lots for ingress, egress and utility purposes over all streets and roadways as shown as shown [sic] by the map thereof on file in Book 34 of Plats, Page 1, in the Office of the County Recorder of Clark County, Nevada, which have not been dedicated to and accepted for public uses and ownership by the City of Las Vegas, Clark County, Nevada.

//

//

[Proposed] Order to Appoint Receiver          2
and for Order of Sale

**Appointment/ Duties and Sale Authority**

3.      The sale of the Subject Property is ordered pursuant to federal law and is made without right of redemption.

4.      Timothy Kimball ("Receiver") is appointed as Receiver of the Subject Property.

5.      The Receiver is directed to take possession of the Subject Property, including all improvements, buildings, fixtures, materials, contents, and appurtenances thereon, to preserve and protect the value of each property, to put them into marketable condition, and to arrange for the sale of the Subject Property, free and clear of any rights, titles, claims, or interests of any of the parties to this action. The terms of the Receiver's sale of the Subject Property shall occur as follows.

**Listing Price/Offer and Acceptance**

6.      The initial listing price shall be set by the United States in consultation with the Receiver. If buyer interest is insufficient or feedback indicates the listing price is too high, the United States, in consultation with the Receiver, may adjust the price downward. The United States shall have exclusive authority to determine whether to make or respond to any offers or counter-offers and to decide whether to accept any offer or counteroffer for the Subject Property.

**Terms of Purchase Agreement**

7.      A purchase agreement may include other customary and reasonable terms as determined by the United States in consultation with the Receiver.

8.      Any purchase agreement must provide for the balance of the purchase price to be paid in cash or certified check at closing and must include an earnest money deposit in an amount approved by the United States, forfeitable if the purchaser fails to perform. Any forfeited earnest money shall first be applied to reimburse the Receiver for expenses incurred, with the remainder deposited into the Court's registry for further adjudication, unless the United States, in its sole discretion, directs that such funds be used for maintenance, repairs, or improvements.

[Proposed] Order to Appoint Receiver         3
and for Order of Sale

9. At closing, the purchaser shall receive a deed executed by the Receiver conveying the property free and clear of all interests or claims of the parties to this action, with such interests and claims attaching to the proceeds in the same priority as they had against the property.

### Personal Representative of Defendants

10. Laura Proctor has been substituted as the personal representative of the Estates of Defendants Jimmie R. Cox and Sandra Cox, and, to facilitate a sale closing, shall have all rights and powers necessary to sell the Subject Property free and clear of all interests or claims of the parties to this action, with such interests and claims attaching to the proceeds in the same priority as they had against the property.

### Receiver's Rights and Powers

11. The Receiver shall have all rights and powers necessary to carry out his duties under this Order of Sale, including, without limitation, the authority to enter and inspect the Subject Property, advertise and show the property to prospective buyers, take any actions reasonably necessary to preserve or protect its value, and prepare the property for sale. Such preparation may include reasonable and necessary repairs, maintenance, minor improvements, and the purchase of property and liability insurance, provided that any expenditures are first approved by the United States.

12. The Receiver shall be compensated from the proceeds of the sale of the Subject Property as follows: (a) up to six percent (6%) of the gross sale proceeds, from which the Receiver shall receive 3% and shall pay any buyer broker commission up to 3%; and (b) reimbursement for reasonable and necessary expenditures, including repairs, maintenance, minor improvements, and insurance, provided such expenditures are first approved by the United States. This compensation and reimbursement shall be paid as a direct cost of sale from the proceeds of sale, before any net proceeds are deposited to the court's registry to satisfy the claims of the parties to this action.

### Closing of Sale and Distribution of Proceeds

13. The proceeds from the sale of the Subject Property, less the compensation and reimbursement described in paragraph 12, shall be deposited into the Court's registry, except as

[Proposed] Order to Appoint Receiver    4
and for Order of Sale

otherwise directed in this Order. The proceeds deposited into the Court's registry shall remain there until further order of the Court.

14. After the proceeds of the sale have been deposited into the Court's registry, the United States shall obtain updated amounts the lienholders claim against the Subject Property and move for an order confirming the sale and distributing the sale proceeds in accordance with any priority stipulations entered within this case.

15. Upon confirmation of the sale of Subject Property, all interests in, liens against, or claims to the Subject Property that are held or asserted by any party to this action shall be discharged and extinguished, and such interests, liens, or claims shall attach to the proceeds of the sale of the Subject Property.

16. Upon confirmation of the sale, the buyer shall ensure that the County Recorder for Clark County transfers title to the buyer in the county's official records.

**Effect of Order on the Defendant's Occupation of the Property**

17. This Order of Sale terminates any right of possession to Subject Property held by Jimmie R. Cox and Sandra Cox, their estate, and/or Laura Proctor as the executor of their estate.

18. All persons occupying the Subject Property shall leave and vacate the property permanently within 21 days of this Order of Sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances of the Subject Property). If any person fails or refuses to leave and vacate the Subject Property by the time specified in this Order, the U.S. Marshal's Office, Clark County Sheriff's Office, and/or Las Vegas Metropolitan Police Department may take whatever action it deems appropriate to remove such person(s) from the premises. **Such action may include, but is not limited to, the use of reasonable force, and to enter and remain on the premises, including, but not limited to, the land, and any structures or vehicles thereon, for the purpose of executing this Order.**

19. The U.S. Marshal's Office, Clark County Sheriff's Office, and/or Las Vegas Metropolitan Police Department is further authorized and directed to arrest and/or evict from the

[Proposed] Order to Appoint Receiver          5
and for Order of Sale

premises any persons who obstruct, attempt to obstruct, or interfere or attempt to interfere in any way with the execution of this Order.

20.    No person shall be permitted to return to the Subject Property and/or remain thereon without the express written authorization of the United States Department of Justice, or their respective representatives and/or designees. Unauthorized persons who re-enter the Subject Property during the time this Order of Sale is in effect may be ejected by any of the law enforcement agencies listed above without further order of the Court.

21.    Until the Subject Property is sold, Timothy Kimball, in his role as Receiver, shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures, and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies on the Subject Property if necessary. The Receiver shall keep current in paying real property taxes as they are assessed. He shall not commit waste against the Subject Property, nor shall he cause or permit anyone else to do so. He shall do nothing that typically reduces the value or marketability of any of the Subject Property, nor shall he cause or permit anyone else to do so. He shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of any the Subject Property or that may typically deter or discourage potential bidders, nor shall they cause or permit anyone else to do so. **Violation of this paragraph shall be deemed a contempt of Court and punishable as such**.

22.    If after the sale of the Subject Property the property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court under Federal Rule of Civil Procedure 70 to compel delivery of possession of the property to the purchaser or purchasers thereof.

//

//

//

[Proposed] Order to Appoint Receiver        6
and for Order of Sale

**Disposition of Personal Property**

23.    If any person fails or refuses to remove personal property from the Subject Property within 21 days of this Order, the following shall apply:

a. The occupant may request permission from the Receiver to return solely to remove personal property. Such permission shall not be unreasonably withheld.

b. After obtaining permission, the previous occupant shall not return to the property without being accompanied by the Receiver, unless the Receiver grants specific permission to return unaccompanied.

c. Any personal property remaining after 21 days from the date of this Order, excluding improvements, buildings, fixtures, and appurtenances, shall be deemed abandoned, as the prior occupant, nor any of the defendants in this action no longer have a possessory right to the Subject Property.

d. After 21 days, the Receiver may dispose of abandoned property by any means he deems appropriate, including destruction, charitable donation, or sale. The United States may authorize the Receiver to consult experts regarding the sale of abandoned property, including art, furnishings, vehicles, and equipment. This Order does not restrict the IRS's authority to collect against personal property under applicable law.

e. Proceeds from the sale of abandoned property shall first cover the costs of the sale. Any remaining balance shall be deposited into the Court's registry for further distribution.

f. Ownership of any abandoned personal property remaining at the time a sale is confirmed shall transfer to the buyer of the Subject Property.

g. If the Receiver believes any personal property is potentially dangerous (e.g., firearms, weapons, incendiaries), he may secure the item in a reasonable manner, including removal to his office or other facility. The item may be returned to the owner only if: (1) proof of ownership satisfactory to the Receiver is provided; (2) the owner reimburses any reasonable costs incurred in securing the item; (3) the return is safe and legal; and (4) the

[Proposed] Order to Appoint Receiver          7
and for Order of Sale

Receiver is satisfied that returning the item does not create a safety hazard. If no claim is made within 30 days, the Receiver may dispose of the item as he sees fit.

h.  If the personal property includes live animals, the Receiver shall take reasonable and humane steps to remove them from the Subject Property. Any extra costs incurred shall be reimbursable as a cost of sale.

**IT IS SO ORDERED.**

Dated May 27, 2026.

_____
**United States District Judge**

[Proposed] Order to Appoint Receiver          8
and for Order of Sale