HALSEY DIAKOW (DC Bar # 90027466)
Trial Attorney, Tax Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-2251
Fax: (202) 307-0054
Halsey.Diakow@usdoj.gov
Western.TaxCivil@usdoj.gov

*Counsel for the Plaintiff, United States of America*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br><br> JIMMIE R. COX and SANDRA COX; and CLARK COUNTY, NEVADA, <br><br> Defendants. | Case No. 2:20-cv-00042-JCM-DJA <br><br> **UNOPPOSED MOTION TO REOPEN CASE; NOTICE OF DEATH; UNOPPOSED MOTION TO SUBSTITUTE & CHANGE CASE CAPTION** |

The United States moves the Court to reopen this case in order to effectuate foreclosure of its liens and enforce the Judgment (Dkt. 13) against the Subject Property. The sale of the Subject Property was deferred from the time of judgment based on an agreement between the United States and Defendants Jimmie R. Cox and Sandra Cox to delay sale until neither of the Coxes occupied the property, which is now the case. *See* Dkt. 13.

Additionally, pursuant to Federal Rule of Civil Procedure 25(a), the United States provides notice to the Court that, upon information and belief, Defendants Jimmie R. Cox and Sandra Cox have passed away. The United States therefore also moves the court to substitute Laura Proctor, Personal Representative of the Estates of Jimmie R. Cox and Sandra Cox for Defendants Jimmie R. Cox and Sandra Cox.

Motion to Reopen; Notice of Death &
Motion to Substitute

1

The United States further requests the Court changes the caption to read:

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-cv-00042-JCM-DJA |
| Plaintiff, | |
| v. | |
| LAURA PROCTOR, as Personal Representative for the Estates of JIMMIE R. COX and SANDRA COX; and CLARK COUNTY, NEVADA, | |
| Defendants. | |

In support of these requests, the United States respectfully states as follows:

**Background**

1.   The United States brought this action to reduce to judgment outstanding federal tax liabilities assessed against Defendants Jimmie R. Cox and Sandra Cox and to foreclose on certain real property to help satisfy the judgment. Dkt. 1. The federal tax liens arose as a result of federal income tax liabilities incurred by Jimmie and Sandra Cox. The Subject Property, more fully described in the Complaint, is commonly known as 5537 Port Barrington Way, Las Vegas, NV 89130.

2.   The United States also named Clark County as a defendant because it might claim an interest in the property. Dkt. 1. In February 2020, the Court approved a stipulation as to priority between the United States and Clark County. Dkt. 8.

3.   On June 5, 2020, Plaintiff, the United States, and Defendants, Jimmie R. Cox and Sandra Cox, submitted a Joint Motion to Enter Judgment Subject to Agreement to Defer Sale of the Subject Property. Dkt. 12.

4.   On July 17, 2020, this Court entered judgment in favor of the United States and against Defendants Jimmie R. Cox and Sandra Cox, and ordered as follows (Dkt. 13):

Motion to Reopen; Notice of Death &
Motion to Substitute                    2

a.  The United States is entitled to judgment against Jimmie R. Cox and Sandra Cox, unpaid federal income taxes for jointly and severally, for unpaid federal income tax liabilities as follows, plus such statutory interest and other additions as may accrue by law, minus any payments and credits according to proof:

| Tax Type | Tax Period | Assessment Date | Assessment Amounts[1] | | Outstanding Balance[2] as of 12/31/2019 |
|---|---|---|---|---|---|
| Form 1040 | 1999 | 12/21/2009 | $4,351.00 | ftp | $150,888.32 |
| | | 12/21/2009 | $1,817.00 | etp | |
| | | 12/21/2009 | $21,941.00 | msc | |
| | | 12/21/2009 | $37,830.00 | ata | |
| | | 12/21/2009 | $48,480.69 | i | |
| | | 10/07/2013 | $15,395.88 | i | |
| | | 10/06/2014 | $3,815.37 | i | |
| | | 10/08/2018 | $20,987.50 | i | |
| Form 1040 | 2002 | 12/21/2009 | $94,506.00 | ftp | $1,215,919.53 |
| | | 12/21/2009 | $219,253.00 | msc | |
| | | 12/21/2009 | $595,087.00 | ata | |
| | | 12/21/2009 | $393,849.72 | i | |
| | | 09/20/2010 | $11,826.00 | etp | |
| | | 10/07/2013 | $84,279.95 | i | |
| | | 10/06/2014 | $28,801.65 | i | |
| | | 10/08/2018 | $158,798.07 | i | |
| Form 1040 | 2004 | 12/21/2009 | $8,223.00 | ftp | $115,862.18 |
| | | 12/21/2009 | $19,077.00 | msc | |
| | | 12/21/2009 | $32,892.00 | ata | |
| | | 12/21/2009 | $18,295.28 | i | |
| | | 09/20/2010 | $943.00 | etp | |
| | | 10/07/2013 | $10,915.72 | i | |
| | | 10/06/2014 | $2,743.68 | i | |
| | | 10/08/2018 | $15,130.18 | i | |
| **Total, calculated through December 31, 2019:** | | | | | $1,482,670.03 |

[1] Key:  **ata** – Additional Tax Assessed; **etp** – Estimated Tax Penalty; **ftp** – Failure to Pay Tax Penalty; **i** – Interest; **msc** – Miscellaneous Penalty

[2] Including accrued but unassessed interest and credit for payments received through December 31, 2019.

Motion to Reopen; Notice of Death & Motion to Substitute

3

b. Pursuant to 26 U.S.C. § 6321, federal tax liens have arisen in connection with the liabilities detailed above. These tax liens have attached to all property and rights to property of Jimmie R. Cox and/or Sandra Cox, including but not limited to the Subject Property. The United States is thus entitled to foreclose its liens and enforce this judgment against the Subject Property. Dkt. 13.

c. However, the United States and the Coxes agreed to defer selling the Subject Property, so long as one or both of the Coxes resided at the Subject Property. *Id*.

5. Laura Proctor, the Coxes' granddaughter, is serving as personal representative for the estates of Jimmie R. Cox and Sandra Cox.

6. Ms. Proctor notified counsel for the United States that Jimmie R. Cox passed away on January 29, 2025. She also notified counsel for the United States that Sandra Cox predeceased Jimmie R. Cox on April 17, 2022.

7. Attached as Exhibit 1 is a copy of death certificates of Jimmie R. Cox and Sandra Cox, which Ms. Proctor provided to the undersigned counsel for the United States.

8. A copy of Jimmie R. Cox's last will & testament appointing Ms. Proctor as personal representative is attached as Exhibit 2. Because the will appointed Sandra Cox personal representative in the first instance, with Ms. Proctor to serve if Sandra Cox was unavailable, the United States refers the court to Sanra Cox's death certificate. Exhibit 1.

9. A copy of Sandra Cox's last will & testament appointing Ms. Proctor as personal representative is attached as Exhibit 3. Because the will appointed Jimmie R. Cox personal representative in the first instance, with Ms. Proctor to serve if Jimmie R. Cox was unavailable, the United States refers the court to Jimmie R. Cox's death certificate. Exhibit 1.

10. Pursuant to Fed. R. Civ. P. 25(a), the United States is filing this statement notifying the Court of the death of both Jimmie R. and Sandra Cox death together with the motion to substitute. The United States has conferred with Ms. Proctor and counsel for defendant Clark County about the death of the Coxes and this motion. Neither objects to substituting Ms. Proctor.

Motion to Reopen; Notice of Death &
Motion to Substitute

4

11. Ms. Proctor has informed counsel for the United States that following the Coxes deaths, the Subject Property is no longer occupied.

12. Ms. Proctor has also informed counsel for the United States that she wishes to have the subject property sold.

**DISCUSSION**

13. Pursuant to Rule 25(a), the Court may order substitution of a party after that party's death. The motion "may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a). However: (1) it must be made within 90 days after service of a statement noting the death; (2) substitution is only appropriate if the claim is not extinguished with the death of the party; and (3) the motion to substitute, with a notice of hearing, must be served upon the parties as provided in Rule 5, and non-parties as provided in Rule 4. Fed. R. Civ. P. 25(a)(3).

14. First, the death was first noticed in this motion, filed on May 22, 2026. The notice will be served on all parties the same day. The motion to substitute is being made in the same filing, which is within 90 days after service of a statement noting the death.

15. Second, the United States' claims against Jimmie R. Cox and Sandra Cox are not extinguished by their deaths. Under 26 U.S.C. § 6321, the assessment of taxes creates a lien on all property and rights to property held by the taxpayer. And a taxpayer's "death, which occurred . . . after the lien attached to his property, does not adversely affect the validity" of the IRS's lien and notice given of that lien. *Estate of Brandon v. Comm'r*, 133 T.C. 83, 85-86 (2009); *see also United States v. Bess*, 357 U.S. 51, 57-59 (1958) (holding that the transfer of property subsequent to the attachment of a tax lien does not invalidate the lien).

16. Third, the United States will serve this motion after it is filed as follows: it will serve Clark County in accordance with Rule 5. It will serve Laura Proctor, personal representative of the Estates of Jimmie R. Cox and Sandra Cox, in accordance with Rule 4.

17. Substitution is appropriate here to allow the United States to foreclose on its liens.

Motion to Reopen; Notice of Death &     5
Motion to Substitute

18. Additionally, 26 U.S.C. § 7403 and the Judgment in this case entitle the United States to enforce its liens against the Subject Property in order to apply the proceeds towards the tax liabilities of Jimmie R. Cox and Sandra Cox. Dkt. 13 at 2.

19. The United States requests the Court reopen the case for the purpose of effectuating the Judgment in this case. The United States makes this request in the interest of judicial economy, since the details of the agreements between the United States and the Coxes as well as the stipulation between the United States and Clark County are already contained in this docket. The United States believe it would be most efficient for all parties involved to reopen the case, substitute Ms. Proctor for the Coxes, and proceed with foreclosure of the Subject Property.

20. The United States filed a separate motion requesting an order of sale and appointment of a receiver to sell the Subject Property on May 22, 2026. Dkt. 20. The Court granted the unopposed motion on May 29, 2026. Dkt. 21.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

Motion to Reopen; Notice of Death &
Motion to Substitute

6

**Request for Relief**

WHEREFORE, the United States asks that the Court reopen the case, substitute Laura Proctor, Personal Representative of the Estates of Jimmie R. Cox and Sandra Cox for Defendants Jimmie R. Cox and Sandra Cox, and change the case caption as noted above.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General, Tax Litigation Branch

*/s/ Halsey Diakow*
HALSEY DIAKOW (DC Bar No. 90027466)
Trial Attorney, Tax Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
Telephone: (202) 307-2251
Email: Halsey.Diakow@usdoj.gov

*Counsel for the United States of America*

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE

DATED:     June 29, 2026

Motion to Reopen; Notice of Death &
Motion to Substitute

7